# EXHIBIT 1

SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

- ☐ BANNING 311 E. Ramsey St., Banning, CA 92220
- ☐ BLYTHE 265 N. Broadway, Blythe, CA 92225
- ☐ CORONA 505 S. Buena Vista, Rm. 201, Corona, CA 92882
- ☐ HEMET 880 N. State St., Hemet, CA 92543
- ☐ MORENO VALLEY 13800 Heacock St., Ste. D201, Moreno Valley, CA 92553
- ☐ MURRIETA 30755-D Auld Rd., Suite 1226, Murrieta, CA 92563
- ☐ PALM SPRINGS 3255 E. Tahquitz Canyon Way, Palm Springs, CA 92262
- ☒ RIVERSIDE 4050 Main St., Riverside, CA 92501
- ☐ TEMECULA 41002 County Center Dr., #100, Temecula, CA 92591

**RI-CI032**

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar Number and Address):
Zulu Ali Esq. SBN 252998; William G. Sorkin Esq. SBN 317652
Law Offices of Zulu Ali
2900 Adams Street Suite C13
Riverside, CA 92504
TELEPHONE NO: 951-782-8722   FAX NO. (Optional): 951-346-9101
E-MAIL ADDRESS (Optional): zulualilaw@gmail.com
ATTORNEY FOR (Name): Pegasus Properties and Investments LLC et. al.

FOR COURT USE ONLY

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

JAN 15 2020

E. Escobedo

PLAINTIFF/PETITIONER: Pegasus Properties and Investments LLC et. al.

DEFENDANT/RESPONDENT: Jennifer Burkhalter

CASE NUMBER:
**RIC 2000202**

## CERTIFICATE OF COUNSEL

The undersigned certifies that this matter should be tried or heard in the court identified above for the reasons specified below:

☒ The action arose in the zip code of: __92877__

☐ The action concerns real property located in the zip code of: _____

☐ The Defendant resides in the zip code of: _____

For more information on where actions should be filed in the Riverside County Superior Courts, please refer to Local Rule 1.0015 at www.riverside.courts.ca.gov.

I certify (or declare) under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date 1/13/2020

Sierra Denney Esq.
(TYPE OR PRINT NAME OF ☐ ATTORNEY ☐ PARTY MAKING DECLARATION)

▶ _____(SIGNATURE)_____

Approved for Mandatory Use
Riverside Superior Court
RI-CI032 (Rev. 08/15/13)
(Reformatted 01/07/19)

CERTIFICATE OF COUNSEL

Page 1 of 1
Local Rule 1.0015
riverside.courts.ca.gov/localfrms/localfrms.shtml

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
Jennifer Burkhalter, an individual and DOES 1 through 25

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Pegasus Properties and Investments LLC; Laurie Burkhalter; and Kirsten Clough

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

JAN 1 5 2020

E. Escobedo

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
4050 Main Street, Riverside, CA 92501, Riverside Historic Courthouse

**CASE NUMBER:** *(Número del Caso):*
**RIC 2000202**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

DATE:
*(Fecha)* JAN 1 5 2020

Clerk, by E. Escobedo , Deputy
*(Secretario)* *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010).)*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*
   under: ☐ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date)*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courts.ca.gov

For your protection and privacy, please press the Clear

CM-010

**ATTORNEY OR PARTY WITHOUT ATTORNEY** (Name, State Bar number, and address):
Zulu Ali Esq. SBN 252998; William G. Sorkin Esq. SBN 317652
Law Offices of Zulu Ali
2900 Adams Street Suite C13
Riverside, CA 92504
TELEPHONE NO.: 951-782-8722   FAX NO.: 951-346-9101
ATTORNEY FOR (Name): Pegasus Properties and Investments LLC et. al.

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Riverside
STREET ADDRESS: 4050 Main Street
MAILING ADDRESS:
CITY AND ZIP CODE: Riverside, CA 92501
BRANCH NAME: Riverside Historic Courthouse

**FOR COURT USE ONLY**

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE
JAN 15 2020
E. Escobedo

CASE NAME:
Pegasus Properties and Investments LLC et. al. v. Burkhalter

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| ☑ Unlimited (Amount demanded exceeds $25,000) ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter  ☐ Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | RIC 2000202  JUDGE:  DEPT: |

Items 1–6 below must be completed (see instructions on page 2).

1. Check **one** box below for the case type that best describes this case:

   **Auto Tort**
   ☐ Auto (22)
   ☐ Uninsured motorist (46)
   **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
   ☐ Asbestos (04)
   ☐ Product liability (24)
   ☐ Medical malpractice (45)
   ☐ Other PI/PD/WD (23)
   **Non-PI/PD/WD (Other) Tort**
   ☐ Business tort/unfair business practice (07)
   ☐ Civil rights (08)
   ☐ Defamation (13)
   ☑ Fraud (16)
   ☐ Intellectual property (19)
   ☐ Professional negligence (25)
   ☐ Other non-PI/PD/WD tort (35)
   **Employment**
   ☐ Wrongful termination (36)
   ☐ Other employment (15)

   **Contract**
   ☐ Breach of contract/warranty (06)
   ☐ Rule 3.740 collections (09)
   ☐ Other collections (09)
   ☐ Insurance coverage (18)
   ☐ Other contract (37)
   **Real Property**
   ☐ Eminent domain/Inverse condemnation (14)
   ☐ Wrongful eviction (33)
   ☐ Other real property (26)
   **Unlawful Detainer**
   ☐ Commercial (31)
   ☐ Residential (32)
   ☐ Drugs (38)
   **Judicial Review**
   ☐ Asset forfeiture (05)
   ☐ Petition re: arbitration award (11)
   ☐ Writ of mandate (02)
   ☐ Other judicial review (39)

   **Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
   ☐ Antitrust/Trade regulation (03)
   ☐ Construction defect (10)
   ☐ Mass tort (40)
   ☐ Securities litigation (28)
   ☐ Environmental/Toxic tort (30)
   ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
   **Enforcement of Judgment**
   ☐ Enforcement of judgment (20)
   **Miscellaneous Civil Complaint**
   ☐ RICO (27)
   ☐ Other complaint (not specified above) (42)
   **Miscellaneous Civil Petition**
   ☐ Partnership and corporate governance (21)
   ☐ Other petition (not specified above) (43)

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ☑ monetary  b. ☐ nonmonetary; declaratory or injunctive relief  c. ☑ punitive
4. Number of causes of action (specify): 4; Conversion, Fraudulent Misrepresentation; Fraudulent Concealment; UR
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: 1/13/2020
Sierra ~~Denney~~ Esq.
DENNY (TYPE OR PRINT NAME)       ▶ /s/ Sierra Denny (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
 Auto (22)–Personal Injury/Property Damage/Wrongful Death
 Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
 Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
 Product Liability *(not asbestos or toxic/environmental)* (24)
 Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
 Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
 Business Tort/Unfair Business Practice (07)
 Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
 Defamation (e.g., slander, libel) (13)
 Fraud (16)
 Intellectual Property (19)
 Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
 Other Non-PI/PD/WD Tort (35)

**Employment**
 Wrongful Termination (36)
 Other Employment (15)

**Contract**
 Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
 Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
 Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
 Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
 Eminent Domain/Inverse Condemnation (14)
 Wrongful Eviction (33)
 Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
 Commercial (31)
 Residential (32)
 Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
 Asset Forfeiture (05)
 Petition Re: Arbitration Award (11)
 Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
 Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
 Antitrust/Trade Regulation (03)
 Construction Defect (10)
 Claims Involving Mass Tort (40)
 Securities Litigation (28)
 Environmental/Toxic Tort (30)
 Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
 Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
 RICO (27)
 Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
 Partnership and Corporate Governance (21)
 Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

CM-010 [Rev. July 1, 2007]                     **CIVIL CASE COVER SHEET**                                Page 2 of 2

Zulu Ali, Esq. (CSBN 252998)
William G. Sorkin Esq. (CSBN 317652)
Sajjad Hussein Esq. (CSBN 318154)
Sierra Noel Denny (CSBN 326049)
Jessica Mercado Esq. (CSBN 242965)
LAW OFFICE OF ZULU ALI
2900 Adams Street, Suite C13
Riverside, CA 92504
Telephone: (951) 782-8722
Facsimile: (951) 346-9101

Attorney for PLAINTIFFS,
Pegasus Properties and Investments LLC; Laurie Burkhalter; and Kirsten Clough

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

JAN 1 5 2020

E. Escobedo

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF RIVERSIDE

| | |
|---|---|
| Pegasus Properties and Investments LLC; Laurie Burkhalter; and Kirsten Clough<br><br>Plaintiffs,<br><br>v.<br><br>Jennifer Burkhalter, an individual and DOES 1 through 25<br><br>Defendants. | CASE NO. RIC 2000202<br><br>**PLAINTIFF'S COMPLAINT FOR:**<br>1. Conversion<br>2. Fraudulent Misrepresentation<br>3. Fraudulent Concealment<br>4. Unjust Enrichment<br><br>**Demand for Jury Trial** |

Complainants Pegasus Properties and Investments LLC (hereinafter PEGASUS); Laurie Burkhalter; and Kirsten Clough (collectively PLAINTIFFS) allege as follows.

1. PEGASUS is a limited liability corporation headquartered in the County of Riverside, in the State of California.

2. Plaintiff Laurie Burkhalter is an individual who resides in the County of San Bernardino, State of California.

3. Plaintiff Kirsten Clough is an individual who resides in the County of Norfolk, State of Massachusetts.

1

4. Defendant Jennifer Burkhalter (hereinafter DEFENDANT) is an individual who resides in the County of Los Angeles, State of California.

5. The actions in the complaint, including the fraudulent transactions took place in Riverside County, making venue proper in Riverside County.

6. PEGASUS is ignorant of the true names and capacities of defendants sued herein as DOES 1 through 25 inclusive, and therefore sues these defendants by fictitious names. PEGASUS will amend this complaint to identify the true names and capacities of said defendants when ascertained. PEGASUS is informed and believes and thereon alleges that each of the fictitious named defendant is responsible in some manner for the occurrences herein, that PEGASUS's damages as alleged herein was proximately caused by their acts and/or omissions, and/or that defendants claim an interest in property that is addressed in this complaint.

## GENERAL ALLEGATIONS

7. PEGASUS is in the business of buying and selling real property.

8. In order to purchase and sell properties, PEGASUS received money from DEFENDANT; Plaintiff Laurie Burkhalter, and Plaintiff Kirsten Clough.

9. Plaintiff Kirsten Clough contributed substantial moneys to PEGASUS for the purposes of PEGASUS's ability to conduct business.

10. Plaintiff Kirsten Clough at no point permitted money given by her to PEGASUS to be used for non-business purposes.

11. Plaintiff Kirsten Clough invested the money in PEGASUS with the expectation that she would at a minimum receive her investment back.

12. PEGASUS has multiple managers, including both DEFENDANT and Plaintiff Laurie Burkhalter.

13. DEFENDANT was a manager of PEGASUS, but at no time was DEFENDANT the sole owner or manager of PEGASUS.

14. At all times mentioned herein PEGASUS maintained an account with Wells Fargo for business transactions such as the purchase and renovation of properties.

15. At no point did PEGASUS or manager Laurie Burkhalter give DEFENDANT permission to use PEGASUS assets for personal use without consent of all members.

16. Between December 26, 2016 and April 11, 2018, DEFENDANT wrote checks to herself, and her parents from PEGASUS accounts using PEGASUS's funds.

17. DEFENDANT wrote checks amounting to approximately 316,043 dollars.

## FIRST CAUSE OF ACTION

### Conversion

### (By PEGASUS Against all Defendants)

18. PEGASUS incorporates the allegations contained in the foregoing paragraphs as though fully set forth herein in their entirety.

19. PEGASUS owned the personal property, money in the amount of 316,043 dollars.

20. As alleged above, DEFENDANT, by way of unauthorized checks written from PEGASUS accounts, unlawfully took funds from PEGASUS.

21. DEFENDANT's unlawful taking of funds was not authorized by PEGASUS.

22. DEFENDANT's unlawful taking of funds was not for the benefit of PEGASUS.

23. As a direct and proximate result of Defendant's conversion of property of PEGASUS, PEGASUS has been damaged in an amount not less than 316,043 dollars.

24. In doing the things alleged herein, DEFENDANT acted with malice, oppression, and fraud, in conscious disregard of PEGASUS's rights, thereby warranting the assessment of punitive damages.

## SECOND CAUSE OF ACTION

### Fraudulent Misrepresentation

### (By PEGASUS; Laurie Burkhalter, and Kirsten Clough, Against All Defendants)

25. PLAINTIFFS incorporates the allegations contained in the foregoing paragraphs as though fully set forth herein in their entirety.

26  In writing and cashing the aforementioned unauthorized checks, DEFENDANT represented to Wells Fargo that PEGASUS authorized the checks.

27. Further, in writing and cashing the aforementioned unauthorized checks, DEFENDANT represented that Plaintiffs Laurie Burkhalter and Kirsten Clough authorized usage of moneys put into PEGASUS and used by PEGASUS to be removed from PEGASUS.

28. These representations were false. The true facts are that PEGASUS did not authorize the aforementioned checks, and that Plaintiffs Laurie Burkhalter and Kirsten Clough did not authorize DEFENDANT to take moneys contributed to PEGASUS and earned by PEGASUS from PEGASUS.

29. In order to cash the aforementioned checks, Wells Fargo relied on the representations from the defendants that the transactions were authorized by PEGASUS.

30. As a result of this reliance, PLAINTIFFS was damaged in an amount not less than 310,000 dollars, the amount that defendants received from the aforementioned unauthorized checks.

31. In doing the things alleged herein, DEFENDANT acted with malice, oppression, and fraud, in conscious disregard of PLAINTIFFS' rights, thereby warranting the assessment of punitive damages.

## THIRD CAUSE OF ACTION

### Fraudulent Concealment

### (By PEGASUS and Laurie Burkhalter, Against All Defendants)

32. PLAINTIFFS incorporate the allegations contained in the foregoing paragraphs as though fully set forth herein in their entirety.

33. In writing and cashing the aforementioned unauthorized checks, DEFENDANT had a duty to disclose to all managers of PEGASUS that she was writing and cashing checks for personal use.

34. Instead, DEFENDANT intentionally failed to disclose these facts to PEGASUS or fellow manager Laurie Burkhalter.

35. Had these facts been disclosed to PEGASUS and fellow manager Laurie Burkhalter, they would have taken steps to cancel these checks, and to prevent Wells Fargo from cashing these checks on behalf of DEFENDANT.

36. As a direct and proximate result of the aforementioned concealment, PEGASUS and Laurie Burkhalter were damaged in an amount not less than 310,00 dollars, the amount that defendants received from the aforementioned unauthorized checks.

37. In doing the things alleged herein, DEFENDANT acted with malice, oppression, and fraud, in conscious disregard of PEGASUS and Laurie Burkhalter's rights, thereby warranting the assessment of punitive damages.

## FOURTH CAUSE OF ACTION

### Unjust Enrichment

### (By PLAINTIFFS against all defendants)

38. PLAINTIFFS incorporate the allegations contained in the foregoing paragraphs as though fully set forth herein in their entirety.

39. By writing and cashing checks with funds belonging to PEGASUS as alleged hereinabove, DEFENDANT has been unjustly enriched in an amount not less than 300,000 dollars.

\\\
\\\
\\\
\\\

## PRAYER FOR RELIEF

Wherefore, PLAINTIFFS prays for judgment against Defendants, and each of them as follows:

FOR THE FIRST THROUGH FOURTH CAUSES OF ACTION

1. For Special damages according to proof;
2. For General damages according to proof;
3. For Punitive Damages according to proof;
4. For costs of suit incurred herein; and
5. For such other and further relief as the Court deems just and proper.

\\\
\\\
\\\

Plaintiffs hereby demand a jury trial.

Dated December 19, 2019

**LAW OFFICE OF ZULU ALI**

By _____
Zulu Ali, Esq.
William G. Sorkin Esq.
Sajjad Hussein Esq.
Sierra Noel Denny Esq.
Jessica Mercado Esq.
Attorney for PLAINTIFFS

LAW OFFICE OF ZULU ALI
2900 Adams Street, Suite C13
Riverside, CA 92504

6

## VERIFICATION

I, the undersigned, verify:

I am a party to this action. I have read the above document and know its contents. The matters stated in it are true of my own knowledge except as to those matters which are stated on the information and belief, and as to those matters, I believe them to be true.

I declare under penalty of perjury pursuant to the laws of the state of California that the foregoing is true and correct.

Executed on December 19th, 2019 at Riverside, CA.

KIRSTEN CLOUGH

**VERIFICATION**

I, the undersigned, verify:

I am a manager of Pegasus Properties and Investments LLC, a party to this action. I have read the above document and know its contents. The matters stated in it are true of my own knowledge except as to those matters which are stated on the information and belief, and as to those matters, I believe them to be true.

I declare under penalty of perjury pursuant to the laws of the state of California that the foregoing is true and correct.

Executed on __12/19/19__, 2019 at Riverside, CA.

_____
LAURIE JEAN BURKHALTER
MANAGER

1