JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 20-424 JGB (SPx)** | Date | April 22, 2020 |
|---|---|---|---|
| Title | **Pegasus Properties and Investments, LLC, et al. v. Jennifer Burkhalter** | | |

| Present: The Honorable | JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE |
|---|---|

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**   Order (1) GRANTING Plaintiffs' Motion to Remand (Dkt. No. 19) (IN CHAMBERS)

Before the Court is Plaintiffs Pegasus Properties & Investments, LLC, ("Pegasus"), Laurie Burkhalter, and Kristen Clough's ("Plaintiffs") motion to remand. ("MTR," Dkt. No. 19). The Court finds this matter appropriate for resolution without a hearing. See Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers filed in support of and in opposition to the matter, the Court GRANTS the MTR.[1]

## I.   BACKGROUND

On January 15, 2020, Plaintiffs filed a complaint against Defendant in California Superior Court for the County of Riverside, alleging that Defendant wrote checks to herself and her parents from Pegasus accounts and using Pegasus funds amounting to approximately $ 316,043. ("Complaint," Dkt. No. 1-1 ¶ 17.) The Complaint includes four causes of action: (1) conversion; (2) fraudulent misrepresentation; (3) fraudulent concealment; and (4) unjust enrichment. (Id.) On February 28, 2020, Defendant removed the action, claiming that removal was proper of 28 U.S.C. § 1331, because the action "arises under the laws of the United States dealing with obligations under a specific immigration form, the Form I-864." ("Notice of Removal," Dkt. No. 1. at 3.)

---

[1] The Court takes no action on the Defendant's pending motion to dismiss, (Dkt. No. 13), which is not properly before the Court.

On May 4, 2020, Plaintiffs filed the MTR.² (MTR.) Defendant opposed the MTR, ("MTR Opposition," Dkt. No. 25.) The Court took the matter under submission on April 17, 2020. (Dkt. No. 29.) Plaintiffs filed a reply on April 20, 2020, (Dkt. No. 31.), which the Court disregards as untimely. (See L.R. 7-10; L.R. 83-7(c).)

## II. LEGAL STANDARD

Federal courts have limited jurisdiction, "possessing only that power authorized by Constitution and statute." Gunn v. Minton, 568 U.S. 251, 256 (2013). As such, federal courts only have original jurisdiction over civil actions in which a federal question exists or in which complete diversity of citizenship between the parties exists and the amount in controversy exceeds $75,000. See 28 U.S.C. §§ 1331, 1332.

Moreover, the Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction," and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Jackson v. Specialized Loan Servicing, LLC, 2014 WL 5514142, *6 (C.D. Cal. Oct. 31, 2014). The court must resolve doubts regarding removability in favor of remanding the case to state court. Id.

## III. DISCUSSION

Defendant removed the action on the basis of federal question jurisdiction pursuant to 28 U.S.C. § 1331. (See Notice of Removal at 3.) A federal question exists only if: (1) federal law creates the cause of action; (2) under the artful pleading doctrine, one or more state law claims should be re-characterized as federal claims; or (3) one or more of the state law claims necessarily turns on the construction of a substantial, disputed federal question. Rains v. Criterion Sys., Inc., 80 F.3d 339, 343 (9th Cir. 1996) (citing Merrell Dow Pharm. Inc. v. Thompson, 478 U.S. 804, 807-10 (1986)). The federal issue raised must not be collateral to a state law claim. Jackson v. Yoshinoya Am. Inc., 2013 WL 865596, at *2 (C.D. Cal. Mar. 7, 2013).

Defendant fails to establish that removal was proper. First, it is obvious that federal law does not create the causes of action at issue here. Second, Plaintiffs have not attempted to avoid federal jurisdiction in the Complaint by artfully "omitting" federal law "essential to the claim." 80 F.3d 339. The federal law of immigration sponsorship is not "essential" to pleading conversion or related state law claims, such that the claims, from their inception, are "really" federal claims. Id.; Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S.

---

² Defendant also filed a request for judicial notice regarding a pending action before this Court that involves the same parties (except Pegasus), and that involves a USCIS form I-864 affidavit of support. (Dkt. No. 26.) The Court DENIES the request AS MOOT.

California, 463 U.S. 1, 13 (1983). Third, Defendant fails to explain how the state law claims "necessarily" turn on the construction of a disputed federal question. Instead, Defendant only argues that the disputed question in the separate federal action—how to characterize the Pegasus money—turns on the construction of state law. (MTR Opp'n at 4.) But that is the reverse of the applicable test.[3]

In a novel approach to removal, Defendant next argues that the action may be removed because the claims asserted are time-barred compulsory counterclaims in a separate federal proceeding, which Plaintiffs failed to bring in that action. (MTR Opp'n at 4.) Defendant contends that "[t]he only proper mechanism to levy the [state] claims at issue" was for Plaintiffs to raise them as counterclaims in that separate proceeding, which arises under federal law. (Id.) That is not correct. Nothing in Fed. R. Civ. P. Rule 13 prevents the filing of a duplicative action instead of a compulsory counterclaim. See 6 Wright, Miller & Kane, Federal Practice and Procedure § 1418 (2d ed. 2008).[4]

The second flaw in Defendant's argument is that the action removed must be within the Court's original, not supplemental, jurisdiction. Removal on the basis that the action includes claims within the supplemental jurisdiction of the Court is not proper. One need only examine 28 U.S.C. § 1441, which states:

---

[3] Defendant argues that this action "turns on some construction" of federal law, because it depends on classification of the Pegasus money as either a loan repayment, income earned, or as stolen monies. This is not the sense of necessary or upon which a federal question is based, however. The federal law issue must be a "necessary element" of the well-pleaded state law claim. Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. California, 463 U.S. 1, 13 (1983).

[4] The Court need not, and does not, decide whether or not the causes of action here are compulsory counterclaims in the separate federal action, nor does the Court opine on what action the state court should take. See 6 Fed. Prac. & Proc. Civ. § 1417-1418 (3d ed.) ("Does a failure to plead a Rule 13(a) counterclaim in a federal action prevent the pleader from subsequently bringing a separate action on that claim in a state court that does not have a compulsory-counterclaim practice? The rule itself and the Advisory Committee Note accompanying it are silent on whether Rule 13(a) was intended to be a rule of administration for the federal courts or was expected to have wider application. Indeed, it is doubtful whether the rulemakers are given the power by the Rules Enabling Act to decide that question or to extend the effect of the federal rules to the state courts . . . . [T]he federal court may not enjoin the state action on the ground that the suit would be barred in the federal court . . . . This prohibition . . . does not suggest, however, that the states are always free to disregard the failure of the pleader to assert a counterclaim in a prior federal action . . . . Moreover, it has been suggested that when the federal action has not proceeded to judgment, the better practice is for the state court to stay an action based on a claim that should have been brought as a counterclaim in the federal suit.") (citations omitted).

> Except as otherwise expressly provided by Act of Congress, any <u>civil action</u> brought in a State court of which the district courts of the United States have <u>original jurisdiction</u>, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a) (emphasis added). The Supreme Court has stated that the "civil action" at issue is the action as defined by the plaintiff's complaint. <u>Home Depot U.S.A. v. Jackson</u>, 139 S. Ct. 1743 (2019). Here, the relevant civil action is the one Plaintiffs brought in state court, not the one Defendant started in federal court. Next, in determining if the Court has original jurisdiction over the civil action, the Court considers whether the plaintiff could have filed its operative complaint in federal court on the basis of federal question or diversity jurisdiction. The possibility of bringing the claims as counterclaims in a separate federal proceeding is not relevant to that inquiry, because the district court does not need to have original jurisdiction over a counterclaim to hear it. <u>See generally</u> 6 Fed. Prac. & Proc. Civ. § 1414 (3d ed.). As a result, the Court GRANTS the MTR, and REMANDS the action to state court.

**A. Costs and Expenses**

Section 1447 provides that: "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The Supreme Court has held that, "courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." <u>Martin v. Franklin Capital Corp.</u>, 546 U.S. 132, 141 (2005).

In this case, Defendant lacked an objectively reasonable basis for removal, as it attempted to rely on the Court's supplemental jurisdiction over potential counterclaims in a separate action, and not the Court's original jurisdiction over the civil action removed. Defendant has provided no recognized argument for removal. However, the Court will not award costs.

## IV. CONCLUSION

The Court GRANTS the Plaintiffs' motion to remand and remands the action to California Superior Court for the County of Riverside.

**IT IS SO ORDERED.**